# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CRAZY HORSE, LLC )
)
Plaintiff, )
) C.A. No. S24C-02-038 MHC
v. )
)
McQUEEN CLASSICS, LLC )
)
Defendants. )

## OPINION & ORDER

Submitted: December 30, 2025
Decided: January 21, 2026

Gabriel E. Finamore, Esquire, Brockstedt, Mandalas &Frederico, 6 State Street, Dover, DE 19901, *Attorney for the Plaintiff*

Paul Enterline, Esquire, Paul G. Enterline, PA, 113 South Race Street, PO Box 826, Georgetown, DE 19947, *Attorney for the Defendant*

**CONNER, J.**

## PROCEDURAL POSTURE

On September 30, 2025, Defendant filed a Motion in Limine to Preclude Expert Testimony. Plaintiff responded to the motion on October 13, 2025. Defendant filed a Reply Memorandum on November 14, 2025. On December 22, 2025, the parties were advised that the Court could not find a cited case in Plaintiff's response. In a letter to the Court on December 30, 2025, Plaintiff admitted no citation existed but provided citations to other cases.

## DISCUSSION

The issue before the Court is whether Plaintiff's claim requires expert testimony. Plaintiff's deadline to disclose expert witnesses has passed, and Plaintiff has made no expert disclosure.[1] Defendant asks the Court to preclude Plaintiff from introducing opinion evidence as to the scope, necessity, and appropriateness of remedial work on the car, the fair cost of such work, differences in value in the car as sold versus advertised, "or the like."[2] Plaintiff responds that expert testimony is unnecessary to prove Plaintiff's claim, as it is a "straightforward" claim for fraudulent misrepresentation and breach of contract.[3] Defendant advertised that the vehicle contained a 6.2-Liter LS3 V8 engine, but Plaintiff alleges the engine was

---

[1] Def.'s Mot. in Limine, D.I. 19, ¶ 2-3.
[2] *Id.* ¶ 4.
[3] Pl.'s Resp. in Opp'n to Def.'s Mot. in Limine, D.I. 20, ¶ 2.

actually an LY5 engine.[4]  Plaintiff argues that the work central to its claims involve

replacing a non-conforming engine with a conforming engine.[5]

Expert testimony is not required in every case.[6]  "Expert testimony is only

necessary if it will 'assist' the trier of fact."[7]  In *Brown v. Dollar Tree Stores, Inc.*,

the plaintiff brought a negligence claim against the defendant, alleging that

defendant was negligent by selling a defective mop.[8]  The defendant argued that

expert testimony was required to establish the existence of a defect in the mop.

Plaintiff did not present expert testimony and argued that the existence of a defect in

a mop was within a "layman's scope of knowledge."[9]  The Court found that the

plaintiff "presented sufficient circumstantial and direct evidence to permit a jury to

find that the product was defective," without expert testimony.[10]

In *McLain v. General Motors Corp.*, the Supreme Court affirmed the Superior

Court's finding that two of the defendant's witnesses were fact witnesses, not expert

witnesses.[11]  The two fact witnesses testified about their firsthand knowledge of a

seatbelt retractor design in an automobile.[12]  The trial court allowed the witnesses to

---

[4] Compl., D.I. 1, ¶ 11.
[5] Pl.'s Resp. in Opp'n to Def.'s Mot. in Limine, D.I. 20, ¶ 3-4.
[6] *Brown v. Dollar Tree Stores, Inc.*, 2009 WL 5177162, at *3 (Del. Super. Ct. 2009).
[7] *Id.*
[8] *Id.* at *1.
[9] *Id.*
[10] *Id.* at *4.
[11] *McLain v. Gen. Motors Corp.*, 569 A.2d 579 (Del. 1990).
[12] *Id.* at 584.

testify based on their personal knowledge as to how the seatbelt was designed.[13]  The Supreme Court found that "[w]hen a witness testifies based on their own experience, knowledge and observation about *the facts in the case,* they are not giving 'expert testimony,' as that term is defined by the rules of evidence."[14]  The witnesses were not questioned about whether the seat belt system was designed in a negligent manner or whether an alternate system was better.[15]  The testimony "did not attempt to elicit a response from them in the form of an 'opinion or otherwise' with respect to the 'ultimate issue' of whether GMC was negligent in the design of the seat belt retractor system, or any other aspect of this case."[16]

In *Riad v. Brandywine SPCA*, the Supreme Court of Delaware found that expert testimony was not required to establish the standard of care for an animal shelter in a negligence claim.[17]  The Court found that whether the Brandywine SPCA acted with reasonable prudence while handling a dog with known vicious propensities is "not outside the ken of an average layperson."[18]  The facts of the case did not "resort to technical or other complex principles."[19]

---

[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.* at 585.
[17] 319 A.3d 878, 889 (Del. 2024).
[18] *Id.* at 890.
[19] *Id.*

With these guiding principles in mind, it is clear to the Court that expert testimony is not needed in the present case. Defendant argues that the assertions involve specialized automotive knowledge concerning engine identification. However, as Plaintiff properly states in the response to the Motion in Limine, the issue is not technical. The facts of the case allege that Defendant sold a vehicle to Plaintiff that was "fundamentally different" than the vehicle that was promised and represented to Plaintiff. This can be established through fact witness testimony and documentary evidence. With documentary evidence and testimony from fact witnesses, a layperson will be able to decipher whether the vehicle that was sold conformed with how it was advertised. Plaintiff states that documentary evidence will be presented, which details the repairs necessary to bring the vehicle into conformity.[20] Plaintiff does not seek to explore technical or complex principles of the engine's performance. Rather, Plaintiff asserts that the engine was not as advertised. It is not a technical issue. Plaintiff may present documentary evidence and call fact witnesses to testify about replacing the engine, so long as the testimony is about his or her personal experience working on the car.

Furthermore, Plaintiff does not need an expert to testify about the necessity and appropriateness of repairs. For the same reasons explained above, Plaintiff is

---

[20] Pl.'s Resp. in Opp'n to Def.'s Mot. in Limine, D.I. 20, ¶ 4.

not claiming that the repairs were necessary to repair a malfunction or defect, rather that it did not conform with what was advertised.

Lastly, Plaintiff does not need an expert to testify about the damages. In *Town of Townsend v. Grassbusters, Inc.*, the plaintiff did not offer "an admissible expert opinion, lay opinion, fact testimony, or documentary evidence of record that would permit a jury to assess damages to a reasonable degree of certainty."[21] Therefore, the Court granted the defendant's motion to exclude evidence regarding damages.[22] However, the Court held that expert testimony is not required in every case to assess damages.[23] The Court found that "when proving damages in a contract action, [the plaintiff] must do so to a reasonable certainty."[24] The Court further emphasized that expert witness is only needed to advance opinions that are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[25]

In *O'Neill v. Carman Dodge*, the Court of Common Pleas found that under the benefit of the bargain rule, the plaintiff "recovers the difference between the actual and represented values of the object of the transaction."[26] The goal of the benefit of the bargain rule is to "put the plaintiff in the same financial position that

---

[21] 2019 WL 3493904, at *1 (Del. Super. Ct. 2019).
[22] *Id.*
[23] *Id.* at *5.
[24] *Id.* at *4.
[25] *Id.*
[26] 2014 WL 12684817, at *4 (Del. Com. Pl. 2014), *aff'd,* (Del. Super. Ct. 2015), *aff'd,* 140 A.3d 430 (Del. 2016).

he would have been in if the defendant's representations had been true."[27]  The burden is on the plaintiff to prove the damages.[28]  In *O'Neill*, the witness offered by the plaintiff was not accepted as an expert by the Court.[29]  However, the witness testified about the difference in value of the vehicle purchased by the plaintiff and the vehicle the plaintiff thought he was purchasing.[30]  This demonstrates that Delaware Courts allow a non-expert to testify about the difference in value of two vehicles.  The case was affirmed by the Superior Court and the Delaware Supreme Court, and neither Court revisited the issue of calculating damages.

As aforementioned, Plaintiff's claim does not require the testimony of an expert with specialized knowledge.  Plaintiff seeks compensation for replacing the engine and upgrading the transmission to match what was advertised.  The present case is distinguishable from *Townsend* because Plaintiff seeks to admit documentary evidence to show damages.  Even though an expert is generally the most common way to prove damages, "[a] party however, can also direct the court to other evidence, including documentary evidence to demonstrate damages or can consider fact witness testimony."[31]  With documentary evidence, Plaintiff can show the

---

[27] *Id.*
[28] *Id.* at *5.
[29] *Id.*
[30] *Id.*
[31] *Buck v. Viking Holding Mgmt. Co. LLC*, 2024 WL 4352368, at *21 (Del. Super. Ct. 2024).

amount that was paid, with reasonable certainty, to install the conforming engine. Therefore, expert testimony is not required to establish damages in the present case.

## CONCLUSION

The issues presented in this case are not complex. Plaintiff does not seek to offer expert testimony. Plaintiff may offer documentary evidence and lay witness testimony regarding the non-conformity of the vehicle and the damages, so long as it does not exceed the scope of a fact witness. The Motion in Limine is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*

Mark H. Conner, Judge


oc:     Prothonotary